A00A1721. KLINE v. ATLANTA GAS LIGHT COMPANY.
(538 SE2d 93)

RUFFIN, Judge.

The issue presented is whether the payee of a money order is liable for conversion if, after negotiating the instrument, the payee learns that the money order was issued in the wrong amount. We hold that the payee is not liable under these circumstances.

The complaint alleges that on August 28, 1995, Helen Williams purchased a money order from the U. S. Postal Service. Although Wil-

---

liams only tendered $37.68, postal employee Kathy Kline erroneously issued the money order in the amount of $376.80. The money order was payable to Atlanta Gas Light Company. Williams forwarded the money order to Atlanta Gas Light, which credited $17.96 toward Williams' gas bill and the remaining $358.84 toward the balance due on an installment contract between Williams and Atlanta Gas Light.

Several months later, the U. S. Postal Service apparently discovered Kline's mistake, and it required Kline to pay it $339.12, which was the amount overpaid. Kline then contacted Williams, who allegedly assigned to Kline any right to recover the overpayment from Atlanta Gas Light.

In March 1996, Atlanta Gas Light learned of the alleged error when Kline requested that the company pay her the $339.12. Atlanta Gas Light refused, and Kline filed suit against both Williams and Atlanta Gas Light for conversion.[1] Atlanta Gas Light moved for summary judgment, arguing that it could not be held liable for conversion because it was authorized to apply the overpayment to the outstanding balance on Williams' contract. The trial court granted summary judgment, and this appeal ensued.

As this Court recently stated,

[c]onversion involves an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to [her] rights. The very essence of conversion is that the act of dominion is wrongfully asserted. Thus, if a party has a right to assert ownership, the act of dominion is not wrongful and does not constitute conversion.[2]

As the money order represented money owned by the U. S. Postal Service, it is unclear whether Kline is a proper plaintiff to bring a conversion claim.[3] Neither party addresses this issue, however, and it was not a basis for the trial court's ruling. Even assuming that Kline is a proper plaintiff, she has no claim for conversion because Atlanta Gas Light did not *wrongfully* assert dominion over the money order.

A money order is a negotiable instrument.[4] As such, it is governed by OCGA § 11-3-101 et seq. OCGA § 11-3-418 provides limited

---

[1] Williams never responded to the complaint, and she is not a party to this appeal.

[2] (Punctuation and footnotes omitted.) *Kilburn v. Patrick*, 241 Ga. App. 214, 216 (1) (525 SE2d 108) (1999).

[3] See *Clover Cable of Ohio v. Heywood*, 260 Ga. 341, 345 (6) (392 SE2d 855) (1990) (in a conversion claim, "the plaintiff must be the true owner of the property with title thereto.").

[4] See OCGA § 11-3-104 (a).

remedies for payment made by mistake, which is the situation here as Kline "mistakenly" issued the money order for the wrong amount, and Williams then gave the instrument to Atlanta Gas Light, allegedly without noticing the error. Under OCGA § 11-3-418 (c), however, the remedies "may not be asserted against a person who took the instrument in good faith and for value or who in good faith changed position in reliance on the payment or acceptance."[5]

In this case, Atlanta Gas Light received a money order that was regular on its face, and it negotiated the instrument. The record does not suggest — nor does Kline contend — that the company was acting in bad faith in doing so. Atlanta Gas Light then credited Williams' account, which it was authorized to do under the terms of the installment contract. By accepting the money order as payment for Williams' outstanding debt, Atlanta Gas Light took the instrument for value.[6] Thus, OCGA § 11-3-418 (c) governs the situation, and neither the U. S. Postal Service nor Kline has a remedy against Atlanta Gas Light for having negotiated the instrument. Thus, Atlanta Gas Light did not act wrongfully in refusing to return the money. Accordingly, the trial court properly granted Atlanta Gas Light's motion for summary judgment.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 2, 2000 —
RECONSIDERATION DENIED SEPTEMBER 28, 2000.

*Talbot & Rowe, Thomas W. Talbot*, for appellant.
*Chambless, Higdon & Carson, John J. Makowski, Jon C. Wolfe*, for appellee.

---

[5] Although this provision does not limit the remedies available through OCGA § 11-3-417 or § 11-4-407, neither of those Code sections applies.

[6] See *Fedeli v. UAP/Ga. Ag. Chem.*, 237 Ga. App. 337, 343 (3) (a) (514 SE2d 684) (1999) (checks accepted as payment for antecedent debt accepted for value).